# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| TERESA ANN BUTERA, | DOCKET NUMBER |
| Appellant, | AT-0831-17-0326-I-1 |
| v. | |
| OFFICE OF PERSONNEL MANAGEMENT, | DATE: October 28, 2022 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Teresa Ann Butera</u>, Helena, Alabama, pro se.

<u>Carla Robinson</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed her appeal of a final decision of the Office of Personnel Management (OPM) reducing her retirement annuity as untimely. Generally, we grant petitions such as this one only in the following circumstances: the initial decision

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to vacate the administrative judge's finding regarding the delay between the appellant's alleged realization of the reduction in her monthly benefit check and the filing of her initial appeal, we AFFIRM the initial decision.

¶2    On petition for review, the appellant repeats her request that the Board allow her to make a deposit for her post-1956 military service in order to avoid the reduction of her retirement annuity by OPM. Petition for Review (PFR) File, Tab 1. She repeats her assertion that she did not receive OPM's final decision letter informing her that her annuity would be reduced by eliminating credit for her post-1956 military service. *Id.*; Initial Appeal File (IAF), Tab 5 at 7-8. Although she maintains that she has been unable to update her address with OPM, she confirms that her daughter lives at the address to which OPM's final decision letter was sent. PFR File, Tab 1. Finally, the appellant asserts for the first time on review that her daughter "never received this particular piece of mail or she would have given it to [the appellant]," because her daughter generally called the appellant when she received mail at the address. *Id.* The appellant has not shown that this argument regarding her daughter is based on new and material evidence not previously available despite her due diligence. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980); 5 C.F.R. § 1201.115(d).

¶3    The appellant did not request a hearing, and the timeliness issue was decided on the basis of the written record. IAF, Tab 1 at 2, Tab 12, Initial Decision (ID) at 1. The initial decision correctly found that the appeal was untimely and that the appellant failed to show good cause for her untimeliness. ID at 3-4. Although the appellant is pro se, a 245-day[2] delay in filing is significant, as the administrative judge correctly pointed out. ID at 4; *see Crook v. U.S. Postal Service*, 108 M.S.P.R. 553, ¶ 6, *aff'd*, 301 F. App'x 982 (Fed. Cir. 2008).

¶4    The appellant's bare assertion that she did not receive OPM's final decision, while acknowledging that she previously received OPM correspondence through her daughter at the address of record, is unconvincing. IAF, Tab 11 at 1. The Board has held in other circumstances that an appellant's general statement, without more, that her petition for review was lost in the mail is not sufficient to show timeliness. *See Robinson v. Office of Personnel Management*, 56 M.S.P.R. 325, 327 (noting that the appellant failed to provide any evidence or specifically allege the date on which the petition was allegedly filed), *aff'd*, 5 F.3d 1505 (Fed. Cir. 1993). She failed to provide any explanation regarding the date and circumstances of her receipt of OPM's decision letter, which she submitted into the record before OPM's first submission in the present appeal. IAF, Tab 3. Moreover, as noted by the administrative judge, the address to which OPM mailed the final decision was the same address of record the appellant designated in the present appeal, despite her assertion below that she had not resided at that address since 2005. ID at 3; IAF, Tab 1 at 1, Tab 11 at 1.

---

[2] The administrative judge found that the initial appeal was filed 255 days after the filing deadline. ID at 2. In fact, OPM's final decision became effective on June 1, 2016. IAF, Tab 5 at 7-8. The deadline to file an initial appeal was July 1, 2016. 5 C.F.R. § 1201.22(b)(1). Thus, the appellant's March 3, 2017 initial appeal was filed 245 days after the filing deadline. This discrepancy is immaterial. The appellant has failed to show that her appeal was timely or that good cause existed for the delay (be it 245 or 255 days).

¶5 The administrative judge found that the appellant failed to establish that she exercised due diligence or ordinary prudence justifying why, when she alleged that she contacted OPM after noticing the reduction in her annuity, which became effective June 1, 2016, and was told by OPM that she could file an appeal with the Board, she waited until March 3, 2017, to file the present appeal. ID at 3. We find the appellant's general statements insufficient to demonstrate that she did not receive OPM's decision letter prior to the effective date of the annuity reduction, or adequately explain the untimeliness of her appeal. Therefore, we vacate the administrative judge's finding, "presuming *arguendo* that the appellant did not receive [OPM's] letter," that her explanation that she contacted OPM after noticing the reduction in her monthly check justified "*some* delay . . . but not a delay of well over half a year." *Id.* (emphasis in original).

¶6 Accordingly, we deny the petition for review and affirm as modified the initial decision.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                           /s/ for
                              _____
                              Jennifer Everling
                              Acting Clerk of the Board
Washington, D.C.